# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

RODNEY WHITE,               )
                           )
    Movant,               )
                           )
v.                         )    No. 4:16-CV-0630-DGK
                           )    (Crim. No. 4:12-CR-0292-DGK)
UNITED STATES OF AMERICA,   )
                           )
    Respondent.            )

## <u>ORDER DENYING MOTION TO CORRECT SENTENCE</u>

On November 5, 2012, Movant Rodney White pled guilty to being a felon in possession of a firearm. At sentencing, the Court found his prior Missouri felony convictions for second-degree burglary and attempted burglary qualified as crimes of violence under the Sentencing Guidelines ("the Guidelines"). The Court found an enhanced base offense level applied, making his Guidelines range 70 to 87 months' imprisonment, and the Court sentenced him to 70 months' imprisonment. Movant has now filed a motion to correct his sentence under 28 U.S.C. § 2255 (Doc. 1), arguing his sentence is unlawful in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Now before the Court are Movant's motion; Movant's Motion to Stay (Doc. 4) pending the Supreme Court's decision in *Beckles v. United States*; the Government's Suggestion in Opposition to Movant's initial motion (Doc. 8); Movant's reply (Doc. 9); and the Government's Supplemental Response (Doc. 10) filed after the Supreme Court issued its opinion in *Beckles*.

A district court may vacate a federal conviction if it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Movant argues he was not eligible for an enhanced base level sentence under the Guidelines because his prior convictions

for second-degree burglary and attempted burglary no longer qualify as crimes of violence under the Guidelines in the wake of *Johnson*, so the sentence imposed on him violates due process of law.

In *Beckles* the Supreme Court held that the advisory Sentencing Guidelines are not subject to a challenge under the Due Process Clause like the residual clause of the Armed Career Criminal Act ("ACCA") was in *Johnson*. 137 S. Ct. 886 (2017). Unlike the residual clause of the ACCA, the Sentencing Guidelines do not fix the permissible range of sentences but merely guide the exercise of a sentencing court's discretion in choosing an appropriate sentence within the statutory range. *Id.* at 894. Because Movant's claim is based on the same argument the Supreme Court rejected in *Beckles*, Movant's claim is denied.

Where a motion raises no disputed question of fact, an evidentiary hearing is not required. *United States v. Meyer*, 417 F.2d 1020, 1024 (8th Cir. 1969). There are no disputed questions of fact here, so no evidentiary hearing will be held.

Finally, the Court holds no reasonable jurist would grant this motion and so declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

In conclusion, Movant's motion to stay (Doc. 5) is DENIED AS MOOT. Movant's § 2255 motion (Doc. 1) is DENIED without an evidentiary hearing, and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:  May 22, 2018    /s/ Greg Kays
                       GREG KAYS, CHIEF JUDGE
                       UNITED STATES DISTRICT COURT

2